A91A1268. ATHENS WHEEL, INC. v. CITIZENS & SOUTHERN TRUST COMPANY et al.

(412 SE2d 278)

POPE, Judge.

On June 6, 1982, appellant/plaintiff Athens Wheel, Inc., entered into a lease agreement with Elmer C. Schacht, whereby Schacht agreed to lease to plaintiff premises known as 2410 West Broad Street in Athens, Georgia. The lease was originally for a two-year term and allowed the lessee to sublease the premises upon giving the lessor 90 days written notice of its intention to sublease and obtaining Schacht's permission.

On August 12, 1985, both parties to the original lease entered into a sublease agreement for the premises with DeKalb Tire Company ("DeKalb"). In the summer of 1987, University Tire, Inc. ("University") purchased the business that DeKalb operated on the premises and took possession of the premises at the end of August. DeKalb did not obtain the consent of Schacht's estate before University took possession of the premises. In early September 1987, however, the estate was notified that University was in possession of the premises.

In the spring of 1988, the estate cancelled the lease with plaintiff and executed a lease effective September 1, 1987 with University. By letter dated April 6, 1988, the estate notified plaintiff that it had decided to exercise its option to terminate the lease based on the provision of the lease which allowed it to either allow the subletting or terminate the lease upon a subletting.

Plaintiff subsequently filed this action against the estate of Schacht ("the estate"), DeKalb and University alleging breach of contract and tortious interference with plaintiff's contract and seeking

both declaratory judgment and damages, including attorney fees. All defendants filed motions for summary judgment, which were granted by the trial court. The trial court ruled that under the terms of the sublease plaintiff had not retained a right of re-entry of the premises, and for that reason the estate had the right to cancel the original lease and substitute the subtenant. Plaintiff appeals from that decision.

1. Plaintiff argues that the trial court erred in finding that plaintiff relinquished its right of re-entry in paragraph one of its sublease to DeKalb. That paragraph provides that: "Lessee hereby subleases and assigns to Sublessee and Sublessee hereby accepts and takes from Lessee all of Lessee's leasehold interest in the Premises upon the same terms and conditions as set out in the Lease and Memorandum." Plaintiff contends that because in paragraphs six and seven of the sublease it retained the ability to cure defaults by DeKalb and agreed to remain liable to the owner in the event of default by DeKalb, it did not assign its right of re-entry to DeKalb.

Plaintiff's contention is without merit. As this court noted in *Southland &c. Corp. v. McIntosh*, 137 Ga. App. 216, 221 (223 SE2d 257) (1976), the first rule that courts must apply when construing contracts, including real estate contracts, is to look to the plain meaning of the words of the contract. Paragraph one of the sublease clearly assigns all of plaintiff's interest in the leased property, except for those interests specifically retained, to DeKalb. Both the original lease and the sublease are silent concerning the original lessee's right to re-enter the premises. The only right expressly retained by plaintiff was a right of first refusal. If plaintiff had wished to retain a right of re-entry, that right should have been specifically retained as was plaintiff's right of first refusal. Because it was not specifically retained, the right of re-entry is among those rights assigned to DeKalb in paragraph one of the sublease.

2. Our holding that plaintiff did not retain a right of re-entry renders plaintiff's remaining enumerations of error moot. The trial court's grant of the defendants' motions for summary judgment is affirmed.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 17, 1991 —
RECONSIDERATION DENIED NOVEMBER 8, 1991.

*Henry & Pearson, J. Hue Henry*, for appellant.
*Gingold, Kaufman & Chaiken, Fredric Chaiken, Robert J. Kaufman, Erwin, Epting, Gibson & McLeod, Larry V. McLeod, Andrew*

*H. Marshall, James W. Smith*, for appellees.